# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PROVIDENCE TITLE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00147 |
| | § § | |
| TRULY TITLE, INC., TRACIE L. FLEMING, MARK J. FLEMING, KIM SHEETS-SHEFFIELD, AND GRAHAM HANKS | § § § § § | |
| Defendants. | § § § | |

## DECLARATION OF STEPHEN RAMSEY

In accordance with 28 U.S.C. § 1746, Stephen Ramsey declares, under penalty of perjury, as follows:

1. I am Stephen Ramsey. I am over the age of twenty-one (21), of sound mind, and am competent to make this declaration. The information contained herein is within my personal knowledge.

2. I am a shareholder and member of the Board of Directors of Providence Title Company ("Providence"), the plaintiff in the above-captioned lawsuit. I am a party to the shareholder's agreement among Providence shareholders that was also signed by Tracie L. Fleming ("T. Fleming").

3. From my role with Providence, I know that T. Fleming was the President, a shareholder, and a member of the Providence Board of Directors as of February 1, 2021.

4. On February 1, 2021, I first learned about the departure of some Providence employees to go work for Truly Title, Inc. ("Truly"). I participated in conversations with

1

Providence's CEO, Dan Foster, T. Fleming, and others to discuss strategy in light of these departures.

5. Dan Foster, asked T. Fleming and I to assist with damage control efforts. On Monday, February 1, 2021, we met with Providence employees in the Keller office and we went to the Highland Village office where I met with an employee. T. Fleming did not meet with the Highland Village employee at that time, but she did meet with employees in Keller. The goal was to try to address any issues or concerns that might exist so that Providence could retain its employees, especially anyone else who was considering leaving Providence to join Truly.

6. Prior to her resignation on February 3, 2021, T. Fleming did not tell or otherwise disclose to me that she was under contract to work for Truly or that any other employees planned to follow her to Truly Title. She also did not disclose that her husband, Mark J. Fleming ("M. Fleming") was leaving or that he was already under contract to work for Truly. T. Fleming also did not disclose any knowledge or information she had on any other specific Providence employees who were planning to leave.

7. Soon after my February 1, 2021 meeting with T. Fleming, I had a close exposure to someone with COVID-19, and was not able to join T. Fleming on subsequent damage control visits with Providence employees.

8. I first learned about the departure of T. Fleming and M. Fleming from Providence after they submitted their resignations on February 3, 2021.

I have reviewed the foregoing declaration and hereby declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge.

2

Executed on this 23rd day of February, 2021 in Tarrant County, Texas.

_____
Stephen Ramsey

3