UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

PROVIDENCE TITLE COMPANY      §
                             §
v.                           §      CIVIL NO. 4:21-CV-147-SDJ
                             §
TRULY TITLE, INC., ET AL.     §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tracie Fleming's Motion to Reconsider the Court's Order of July 1, 2021, (Dkt. #107). The motion requests that the Court vacate its order enjoining Tracie Fleming from breaching the noncompete provision of a shareholders' agreement she agreed to be bound by, (Dkt. #94). Plaintiff Providence Title Company ("Providence") responded in opposition to the motion, (Dkt. #115), Fleming replied in support of her motion, (Dkt. #124), and Providence filed a sur-reply in furtherance of its opposition, (Dkt. #129). Having considered the filings and controlling Supreme Court and Fifth Circuit precedent, the Court concludes that Fleming's motion should be **DENIED**.

### I. BACKGROUND

Providence and Truly Title, Inc. ("Truly") are competitors in the Texas title insurance market. Following a failed 2019 negotiation for Truly's potential acquisition of Providence, Truly successfully recruited a number of Providence's senior employees in North Texas, including Providence's former president, Fleming.[1]

---

[1] Tracie Fleming's husband, Mark Fleming, is also a defendant in this case. Because the motion presently before the Court was filed by Tracie Fleming alone, all references herein to "Fleming" refer to Tracie Fleming.

1

Amidst a slew of claims and counterclaims, Providence maintains that Fleming misappropriated Providence's trade secrets, breached her fiduciary duty, and breached the noncompete provision of the Providence shareholders' agreement through her employment with Truly. The noncompete provision governs the repurchase of a departing shareholder's shares and provides that upon the closing of the repurchase, the departing shareholder agrees not to work for or otherwise associate herself with any Providence competitor in specific enumerated Texas counties. *See* (Dkt. #1-6 at 5). Fleming agreed to be bound by the noncompete provision when she purchased shares of Providence.

Earlier this year, Providence moved for a preliminary injunction seeking, among other things, to enjoin Fleming from working for Truly. As the Court determined in its July 1, 2021, order, Fleming was in breach of the shareholders' agreement by working for Truly in a county covered by the noncompete provision. (Dkt. #94 at 20). The Court ultimately determined that Providence was entitled to a preliminary injunction enjoining Fleming from breaching the noncompete provision. As a result of the Court's order, Fleming was and is enjoined from maintaining employment in any capacity with Truly, or with any other competitor of Providence, within the Texas counties of Tarrant, Dallas, Harris, Bexar, or any Texas counties contiguous to those counties (in accordance with the noncompete provision) pending the resolution of this case. *See* (Dkt. #94).

Fleming filed the instant motion to reconsider the Court's July 1 order on July 22, (Dkt. #107). She subsequently appealed the Court's preliminary injunction

to the Fifth Circuit and noticed her appeal on July 29, (Dkt. #109). The motion for

reconsideration principally requests that the Court vacate its preliminary injunction,

or, at a minimum, materially change the terms of the preliminary injunction.

## II. LEGAL STANDARD

Motions for reconsideration are not "expressly authorize[d]" under the Federal

Rules of Civil Procedure. *Gilmour v. Blue Cross & Blue Shield of Ala.*, No. 4:19-CV-

160-SDJ, 2021 WL 1196272, at *2 (E.D. Tex. Mar. 30, 2021) (citation omitted); *see*

*also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). The Fifth

Circuit has consistently stated that "such a motion may be considered either a Rule

59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from

judgment or order." *Shepherd*, 372 F.3d at 328 n.1 (citing *Hamilton Plaintiffs v.*

*Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998)); *see also Lavespere v.*

*Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on

other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)

(en banc). "Rules 59 and 60, however, apply only to final judgments." *S. Snow Mfg.*

*Co. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 564 (E.D. La. 2013).[2]

---

[2] Rule 59(e) permits "motion[s] to alter or amend a *judgment*" but makes no mention of altering or amending an order, decision, or proceeding other than a judgment. FED. R. CIV. P. 59(e) (emphasis added). Accordingly, courts have held, "Rule 59(e) applies only to final judgments[.]" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *see also Helena Lab'ys Corp. v. Alpha Sci. Corp.*, 483 F.Supp.2d 538, 538 n.1 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when no final judgment had yet been entered).

Rule 60(b) provides, in turn, that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if one of six enumerated reasons is shown. FED. R. CIV. P. 60(b). Although Rule 60(b), by its terms, applies to a "final judgment, order, or proceeding," the Advisory Committee Notes clarify that the word "*final*" modifies both "order" and "proceeding," in addition to "judgment." FED. R. CIV. P. 60(b) (emphasis added); *see also id.* advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of judgments, orders or

By contrast, Rule 54(b) governs modifications of orders that "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b). Therefore, a request for reconsideration of a non-final, i.e., interlocutory, decision of a court will be evaluated under Rule 54(b). *SnoWizard*, 921 F.Supp.2d at 564 (holding that Rule 54(b) governs reconsideration of an interlocutory order). Rule 54(b) instructs that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see, e.g.*, *Helena Lab'ys*, 483 F.Supp.2d at 538 n.1 (treating a motion for reconsideration of partial summary judgment brought under Rule 59(e) as brought under Rule 54(b) because no final judgment had been entered).

In 2017, the Fifth Circuit crystallized the standard for evaluating motions for reconsideration under Rule 54(b), as compared to motions for reconsideration made under Rules 59 and 60. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017) (per curiam). While Rule 59(e) "understandably[] sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered," Rule 54(b)'s approach "can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 336–37 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). Further, under Rule 54(b), "the trial court is free to reconsider and reverse its

---

proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule[.]"). Accordingly, the Fifth Circuit has instructed that motions for reconsideration under Rule 60, like Rule 59, are inapposite where no final judgment has been entered. *Lambert v. McMahon*, No. 06-10679, 2007 WL 713706, at *1 (5th Cir. Mar. 6, 2007) (per curiam); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (the policy interest of "securing the finality of judgments" underlies Rules 59 and 60).

decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quoting *Lavespere*, 910 F.2d at 185).

Orders granting preliminary injunctions are interlocutory orders. *See* 28 U.S.C. § 1292(a)(1). Therefore, the Court's July 1 order enjoining Fleming from maintaining employment with Truly or any other competitor of Providence within the specified Texas counties was an interlocutory order that "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b). Fleming's motion to reconsider the Court's July 1 order is thus governed by the flexible standard of Rule 54(b). *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F.Supp.3d 70, 83–84 (D.D.C. 2018) (analyzing a motion to reconsider a preliminary injunction under Rule 54(b)).

## III. DISCUSSION

Having determined that the Rule 54(b) standard applies to Fleming's motion for reconsideration, the Court now analyzes its authority to reconsider its preliminary injunction while that injunction is pending appeal. Providence argues that the motion is "moot" because Fleming has since filed her notice of appeal. (Dkt. #115 at 2–3). Fleming disagrees. *See* (Dkt. #124 at 3). Both rely on the same 1982 Supreme Court decision to support their arguments: *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

## A. The Supreme Court's *Griggs* Decision

While *Griggs* is not dispositive of the present motion, it provides guidance as to a district court's authority with respect to aspects of a case that are on appeal. In *Griggs*, the Supreme Court considered the "validity of a notice of appeal filed after the entry of the District Court's *judgment* but while the appellant's motion to alter or amend that judgment [*under Rule 59*] remained pending in the District Court." *Id.* at 56 (emphasis added). The procedural history in *Griggs* ensued as follows: first, the district court granted the petitioners' motion for summary judgment; then, the district court entered an order directing that final judgment be entered; a week later, respondent filed a timely Rule 59 motion to alter or amend the judgment; and one more week later, while that motion to amend was pending, the respondent filed a notice of appeal. *Id.* at 57.

The Supreme Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 58. Providence relies on this oft-cited excerpt for its argument that Fleming's motion is moot. *See* (Dkt. #115 at 2).

The *Griggs* Court went on to hold that the notice of appeal filed subsequent to the motion to amend the judgment was a "nullity," because a premature notice of appeal "'shall have no effect.'" *Id.* at 61 (quoting FED. R. APP. P. 4(a)(4)). The Supreme Court's conclusion is the basis for Fleming's rebuttal that a "notice of appeal filed subsequent to a timely motion for reconsideration will not prevent the [district] court

6

from considering the motion." (Dkt. # 124 at 3).

The Court assumes that Fleming's minimal briefing on this question construes (though not explicitly) her motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment, akin to the motion the *Griggs* Court considered. *See* (Dkt. #124 at 3); FED. R. CIV. P. 59(e). But as explained herein, the motion before the Court is a motion under Rule 54(b), which therefore governs.

**B. The Court May Not Change the Status Quo Between the Parties while the Appeal is Pending**

While *Griggs* is not dispositive of this motion to reconsider under Rule 54(b), the Fifth Circuit's clearly articulated standard for a district court's authority to vacate or modify a preliminary injunction pending appeal in *Coastal Corp. v. Texas E. Corp.* is dispositive. *See* 869 F.2d 817 (5th Cir. 1989). In *Coastal*, after entering a preliminary injunction and while an appeal of the preliminary injunction was pending, the district court sua sponte dissolved the preliminary injunction. *Id.* at 819. The Fifth Circuit noted the "general rule" that "a notice of appeal ousts the district court of jurisdiction over the judgment or order appealed" and for the first time "specifically addressed the scope of the district court's jurisdiction over its injunction while it is on appeal." *Id.* (citations omitted).

In its analysis, the *Coastal* court considered Federal Rule of Civil Procedure 62's authorization regarding a district court's "limited injunctive powers during the pendency of an appeal." *Id.* (citing FED. R. CIV. P. 62(c)).[3] The court noted that

---

[3] Since the *Coastal* ruling, Federal Rule of Civil Procedure 62 has been amended, and the relevant provision is now Rule 62(d). The meaning of the rule has not changed.

Rule 62 "authorizes the suspension, modification, restoration or grant of injunction, not the dissolution of an injunction already granted" and emphasized that "[t]he omission of 'dissolutions' appears to indicate a limit on the district court's power to modify an injunction pending appeal." *Coastal*, 869 F.2d at 819. The Fifth Circuit thus concluded, consistent with the decisions of several other circuits, that the "powers" of a district court regarding an injunction pending appeal are "limited to maintaining the status quo" and "ought not to extend to the point that the district court can divest the court of appeals from jurisdiction" while the issue is on appeal. *Id.* at 820; *see also id.* at 819 (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 n.1 (9th Cir.1984); *Lewis v. Tobacco Worker's Int'l Union*, 577 F.2d 1135 (4th Cir.1978); *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2nd Cir.1962)).

This rule, the court emphasized, adheres to the proposition *Griggs* stands for—that the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control" over the aspects of the case on appeal. *Id.* at 820 (quoting *Griggs*, 459 U.S. at 58). The *Coastal* court added, "once a party has filed an appeal of a district court's order granting an injunction, the district court no longer has any authority to amend or vacate the order." *Id. See also Louisiana Real Est. Appraisers Bd. v. U.S. Fed. Trade Comm'n*, No. CV 19-214-BAJ-RLB, 2020 WL 1817297, at *4 (M.D. La. Apr. 9, 2020) (Under Fifth Circuit precedent, "[t]he power[] of a district court over an injunction pending appeal is limited to maintaining the status quo." (citing *Coastal*, 869 F.2d at 820)); *Dayton Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1064 (5th Cir. 1990) (extending the *Coastal* reasoning to

8

conclude that the district court did not have jurisdiction to grant appellee's motion for leave to amend its complaint while an interlocutory appeal of an order denying a motion to dismiss was pending, stating "[w]e are bound by our well-established rulings that the district court loses jurisdiction over all matters which are validly on appeal"); *cf. Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982) (explaining that the general rule that "when an appeal is noticed the district court is divested of jurisdiction [and] the matter is transferred immediately to the appellate court" is not absolute, as the district court "maintains jurisdiction as to matters not involved in the appeal, such as the merits of an action when appeal from a preliminary injunction is taken[,]" in aid of the appeal through clerical corrections, ordering stays or managing injunctive relief as provided for in Federal Rule of Civil Procedure 62(d), or enforcing the injunction through contempt (citations omitted)).

Fleming's filing of her notice of appeal was "an event of jurisdictional significance" that "confer[red] jurisdiction on the court of appeals" and divested this Court of "its control over those aspects of the case involved in the appeal"—i.e., the preliminary injunction. *Griggs*, 459 U.S. at 58; *Coastal*, 869 F.2d at 820 (citation omitted). The Court's power over its injunction pending appeal is thus limited to "maintaining the status quo" between the parties. *Coastal*, 869 F.2d at 820.

In her motion, Fleming requests that the Court "reconsider and modify, set aside, or clarify" portions of the injunctive order. (Dkt. #107 at 1). In substance, Fleming's enumerated requests for reconsideration contemplate that the Court will

either "set aside," i.e., dissolve, the injunction, or materially modify the injunction.[4]

Dissolving a preliminary injunction that is pending appeal, however, is not included

in the "limited injunctive powers" this Court holds "during the pendency of [the]

appeal." *Coastal*, 869 F.2d at 819. As to Fleming's alternative request for a

modification or clarification of the preliminary injunction, she fails to articulate how

the Court could modify its preliminary injunction in a manner that also preserves the

status quo. The omission is unsurprising, because on their face Fleming's requests

for "modification" or "clarification" are thinly veiled proposals to alter the status quo

between the parties and clearly do not fall into the exceptions for managing

preliminary injunctions pending appeal. *See, e.g.*, *Farmhouse*, 693 F.2d at 1145–46.

In sum, granting the relief requested in Fleming's motion to reconsider would

alter the status quo between the parties and "divest" the Fifth Circuit of jurisdiction

"while the [preliminary injunction] is before [it] on appeal," in direct contravention of

*Coastal*. *See Coastal*, 869 F.2d at 820. Because the Court lacks authority to grant the

motion to reconsider, it need not consider the merits of the motion, and instead,

concludes that it should be denied. *See* FED. R. CIV. P. 62.1(a) ("If a timely motion is

made for relief that the court lacks authority to grant because of an appeal that has

---

[4] Fleming specifically requests reconsideration of: (1) Providence's alleged "material breach"—its failure thus far to pay Fleming for her shares—and whether that precludes enforcement of the noncompete; (2) lack of proof of irreparable harm; (3) the Court's determination that the noncompete began on May 24, 2021; (4) whether the noncompete is overbroad; (5) the Court's balancing of harms in its injunctive order as it relates to her prior customers; (6) the Court's determination of the effect on the public as it relates to her prior customers; (7) "whether the non-compete is overbroad as to Fleming's 'affiliations' and clarification over whether the non-compete has been reformed"; and (8) whether the noncompete is unenforceable because "it is not designed to enforce Fleming's consideration or return promise" in the shareholders' agreement. (Dkt. #107 at 3).

been docketed and is pending, the court may . . . deny the motion.").

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant Tracie Fleming's Motion to Reconsider the Court's Order of July 1, 2021, (Dkt. #107), is **DENIED**.

**So ORDERED and SIGNED this 28th day of October, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE